**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE  DIVISION**


**HERBERT HATHCOCK,**

    **Plaintiff,**

**vs.**                                              **CASE NO. 4:08CV249-SPM/AK**

**BARBER BROWN, et al,**

    **Defendants.**

_____/


**REPORT AND RECOMMENDATION**

The Court has attempted since this case was transferred in from the Middle District of Florida to get a amended complaint on the proper forms since it is impossible to discern from the papers filed what Plaintiff's claims are.  Plaintiff has sought numerous extensions of time most recently complaining that he needs to get into the law library, but he would send the pleading in by November 30, 2008.  (Doc. 29).  He has still not sent filed an amended complaint despite being advised that no additional time would be granted.  (Doc. 27).

A trial court has inherent power to dismiss a case *sua sponte* for failure to prosecute.  Link v. Wabash Railroad, 370 U.S. 626, 82 S. Ct. 1386, 8 L.Ed2d 734

(1962). Fed. R. Civ. P. 41(b) also authorizes a district court to dismiss an action for failure to obey a court order. Plaintiff failed to comply with an order of this Court directing that he file an amended complaint. (Doc. 27). Consequently, this case should be dismissed.

Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED** with prejudice.

**IN CHAMBERS** at Gainesville, Florida, this *10th* day of February, 2009.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

No. 4:02CV396-SPM/AK